MEMORANDUM ***
Nilda Armecin Smith (“Nilda”) and her two daughters, Ana Faye Armecin Mendoza (“Ana”) and Maria Lucita Armecin Mendoza (“Maria”), petition for review of the BIA’s affirmation of an Immigration Judge’s (“IJ”) order denying their applications for cancellation of removal under 8 U.S.C. § 1229b(b)(2) or, in the alternative, voluntary departure. Ana and Maria also petition for review of the BIA’s denial of their motion for adjustment of status based on their husbands’ United States citizenship.
The IJ denied the petitioners’ applications for cancellation of removal in part because of her discretionary finding the petitioners had proffered no evidence that their removal would be an “extreme hardship” as required by 8 U.S.C. § 1229b(b)(2)(v). We lack jurisdiction to review such discretionary findings and dismiss the petitions for review as to claims under section 1229b(b)(2). See Romero-Torres v. Ashcroft, 327 F.3d 887, 891 (9th Cir.2003). Likewise, we lack jurisdiction over, and dismiss the petitions for review of, the BIA and IJ’s denial of the requests *560 for voluntary departure. 8 U.S.C. § 1229c(f).
We deny Ana and Maria’s petitions for review of the BIA’s denial of their motions for adjustment of status in light of Bona v. Gonzales, 425 F.3d 663, 667-71 (9th Cir. 2005). The BIA already considered Bona and subsequently enacted regulations when it denied Ana and Maria’s motions to reopen their removal proceedings on August 15, 2006, so remand would be futile.
DISMISSED in part and DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.